Ernest J. Magerstadt for use of A. J. McMahon, Plaintiff in Error, v. The First National Bank of Chicago and the Fidelity & Deposit Company of Maryland, Defendant in Error.

## Gen. No. 17,577.

CORPORATIONS—*authority to execute mortgage.* In an action upon a replevin bond, where defendant in mitigation of damages as permitted under the statute introduces in evidence a chattel mortgage by which he claims ownership to the property, having received from the mortgagor, a corporation, at the time the mortgage was executed, a certificate that the president was duly authorized to execute it, there being no disaffirmance, it cannot be contended that the mortgage is void.

Error to the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 3, 1912.

MYER S. EMRICH, for plaintiff in error.

ORVILLE PECKHAM and EDWARD EAGLE BROWN, for defendants in error; JOHN NASH OTT, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this case judgment was entered in favor of the plaintiff in error and against the defendant in error, in debt, the suit being upon a bond given in replevin and the judgment being for $4,000 and damages assessed at one cent. It appears that judgment had been recovered against the Wragg Teaming Company by the City of Chicago for rent. Execution was issued on the judgment and certain property sold by the officer to A. J. McMahon, the usee of the plaintiff in error, for the sum of $250. Included in the sale to McMahon was certain property claimed by the First National Bank of Chicago to be covered by a chattel

408     APPELLATE COURTS OF ILLINOIS.

Magerstadt v. First National Bank of Chicago, 175 Ill. App. 407.

mortgage given by the Wragg Teaming Company to it to secure the payment of a note for $2,000. Thereupon a suit in replevin was brought by the bank against McMahon for the property so claimed. This suit was not tried on its merits, but was dismissed on motion of the defendant's attorney for want of prosecution. Thereupon the suit with which we are now concerned was brought. There was a trial before the court without a jury.

The defendant, in mitigation of damages, as permitted under the statute, introduced in evidence the chattel mortgage heretofore referred to and claimed ownership of the property covered thereby. The trial court reached the conclusion that the mortgage was a valid subsisting lien, and made a finding and gave judgment as heretofore stated.

We are asked to reverse the judgment on the ground that the chattel mortgage upon which the bank bases its defense was void. This contention it is claimed finds support in the fact that Mrs. Wragg, who was the owner of most of the capital stock of the company and who was a director of the company, was not present at the meeting of the directors authorizing the giving of the mortgage and received no notice of the holding of the meeting. Mrs. Wragg testified that the officers of the company consisted of her husband, who was the president, herself, vice-president, and her son William, secretary, and that so far as she knew the three composed the board of directors, that she herself did not participate in any of the active business of the company. Plaintiff further offered to prove by her that she had made diligent search for the books of record or minutes of the corporation but had been unable to find them, and that she believed the books of record had been placed in an iron safe of the company and sold to someone, whose name she did not know. The court did not allow the proof to be adduced. The record further shows that prior to the making of the chattel mortgage the bank was furnished with a certificate

signed by the secretary of the company, with the seal of the company attached, in which it was recited that at a meeting of the board held on April 5, 1900, the president was authorized to make the note of the company for $2,000, payable six months after date to the order of the bank, with interest at six per cent., to execute a mortgage upon the chattel property of the company to secure the note, and to pledge the note to the bank as security for indebtedness with the bank then existing or thereafter created, etc. The mortgage, which was introduced in evidence, appears to have been executed in due form, properly acknowledged and recorded. The record further shows that at the time the sale of the property was had on the execution upon the rent judgment the Wragg Company was indebted to the bank; that demand was made upon McMahon for the property after the latter obtained possession of it, and that the suit in replevin was then brought. It further shows that the indebtedness secured by the mortgage was created in the usual course of business; that the mortgagee having allowed the judgment for rent to be taken against it and the property sold on execution issued upon that judgment, the mortgagee was authorized by the insecurity clause of the mortgage to declare the whole amount due and to foreclose the same, and that the mortgagee had dealt in good faith with the mortgagor.

In the case of Ashley Wire Co. v. Illinois Steel Co., 164 Ill. 149, the court had before it a case involving the foreclosure of a mortgage, and it was there held that the defense that a meeting of the directors of a corporation at which a mortgage of its property was made was held under an irregular notice and at an unauthorized place is not available in a suit to foreclose the mortgage, where no action has been taken in disaffirmance of the proceedings at the meeting or in repudiation of the note or mortgage, and that irregularities in the meeting of a corporation at which a mortgage is executed do not affect the mortgagee deal-

ing in good faith with the company, but such mortgagee has the right to assume that the provisions of the by-laws have been complied with.

In our opinion the bank was in position at the time the sale was made to McMahon to foreclose its chattel mortgage, and the Wragg Company had no defense which could properly have been interposed in such foreclosure proceedings. Certainly McMahon is in no better position in this suit than would be the Wragg Company in a suit of foreclosure. The chattel mortgage having been properly executed and properly recorded, he had full legal notice of its existence at the time he made his purchase, and the purchase so made by him was subject to the lien thereby created.

We find no error in the record and the judgment is affirmed.

*Affirmed.*